104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The HOME INDEMNITY COMPANY, Plaintiff-Appellant,
v.
A & E PRODUCTS GROUP, INC; Carlisle Plastics, Inc.,
Defendants-Appellees,
Industrial Risk Insurers, Movant.
 No. 96-1252.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1996.
 
 Before: JONES, SILER, and DAUGHTREY, Circuit Judges.
 I.
 PER CURIAM.
 
 
 1
 The Home Indemnity Company ("Home") is the subrogee of the H.H. Cutler Company ("Cutler") in this action. Cutler is a clothing manufacturer, and Home is its insurer. A & E Products Group, Inc. ("A & E"), a division of Carlisle Plastics, Inc., manufactures garment hangers made of polypropylene and polystyrene plastic. The issues raised are whether: (1) the economic loss doctrine bars Home's tort claims; (2) Home proved a prima facie case of design defect; (3) A & E owed a duty to warn of the dangerous characteristics of the hangers; and (4) Home failed to prove proximate cause. For reasons stated herein, we affirm.
 
 
 2
 Cutler purchased A & E hangers in bulk shipments and stored these hangers in its warehouse, which was protected by a sprinkler system. However, Cutler had been notified as early as January 1991 that the sprinkler system could be improved to better protect against the risk posed by Cutler's bulk storage practices.
 
 
 3
 On August 16, 1991, before the sprinkler system was improved, a fire started near the area where Cutler stored the A & E hangers. The facility sustained severe damages. Home alleges that the plastic hangers exacerbated these damages. Home filed suit in the district court asserting three claims against A & E: Count One, negligent design and failure to warn; Count Two, breach of the implied warranty of merchantability and the implied warranty to warn, sounding in tort; and Count Three, breach of the sales agreement based on breach of the implied warranties of merchantability and fitness, all under the diversity jurisdiction of the court. The district court granted summary judgment to A & E on all three claims.
 
 II.
 
 4
 This court reviews a district court's summary judgment determination de novo. Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). The court must view the evidence in the light most favorable to the nonmoving party. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir.1983), cert. denied, 469 U.S. 826 (1984). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir.1994). This burden may be discharged by showing that there is an absence of evidence to support the nonmovant's case. Once the movant has met its burden, the burden then shifts to the opposing party to set forth specific facts showing a genuine, triable issue. Id. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)), cert. denied, 481 U.S. 1029 (1987).
 
 
 5
 Duty is one of the essential elements of a prima facie case of negligence. Moning v. Alfono, 254 N.W.2d 759, 762 (Mich.1977). Duty must also be established in an action for breach of warranty to warn or instruct. Because Home's warranty of merchantability and fitness claims are premised upon failure to warn, they also depend upon Home's ability to establish that A & E indeed owed a duty to warn Cutler of the high flame-spreading characteristics of the plastic hangers. The district court held that Home failed to establish that A & E owed such a duty.
 
 
 6
 No duty to warn arises when a sophisticated purchaser knows or should be expected to know of the good's dangerous characteristics. Jodway v. Kennametal, Inc., 525 N.W.2d 883, 890 (Mich.Ct.App.1994). A commercial bulk purchaser is a sophisticated purchaser when it "knows or should know of a product's dangers where ... information on the product's dangers is available in the public domain." Newson v. Monsanto Co., 869 F.Supp. 1255, 1260 (E.D.Mich.1994). Cutler knew that the A & E hangers were comprised of polypropylene and polystyrene, and Cutler knew that the plastic was flammable. The National Fire Protection Association ("NFPA") standard 231 classifies the plastics in A & E's hangers as "Group A" plastics and provides guidelines for the storage of such combustibles. A & E was entitled to rely on Cutler's knowledge of the applicable NFPA standards because, as a commercial purchaser who stores many goods in bulk, it was Cutler's business to know. Therefore, because Home did not establish a duty, the district court did not err in granting summary judgment on Count I. Nor did the court err in granting summary judgment on the Count II breach of implied warranty to warn claim, on the Count III breach of implied warranty of fitness, and on the portions of the Counts II and III breach of implied warranty of merchantability claims insofar as they are based on failure to warn.
 
 
 7
 The breach of implied warranty of merchantability claims also allege defective design. The plaintiff in a design defect case bears the burden of showing that the product is defective under Michigan's risk utility analysis. Reeves v. Cincinnati, Inc., 439 N.W.2d 326, 328 (Mich.Ct.App.1989). This analysis involves an examination of the magnitude of the risks of the present design and the utility of alternative designs. Owens v. Allis-Chalmers Corp., 326 N.W.2d 372, 378-79 (Mich.1982).
 
 
 8
 Home claims that, as packaged, the hangers were defective because they were unsuitable for bulk storage. Home's expert, Robert Brady Williamson, testified that a safety device in the form of a foil inner sleeve packed into the cardboard boxes could have reduced the flame-spreading characteristics of the hangers and made them more suitable for bulk storage. He did not know how much the materials would cost, or how much it would cost in labor to install the aluminum sleeve. He had not tested the idea, and could not say for sure that it would significantly reduce the amount of heat and smoke produced by the burning hangers. Testimony on an untested, unproven alternative design with unknown costs is insufficient as a matter of law to establish a prima facie case of design defect. Id. The district court did not err in granting summary judgment to A & E on its breach of implied warranty of merchantability claims based on design defect.
 
 
 9
 All three counts were properly disposed of on summary judgment because Home neither established a duty to warn nor a design defect. We therefore need not decide whether the economic loss doctrine barred Home's tort claims, see Detroit Edison Co. v. NABCO, Inc., 35 F.3d 236, 239 (6th Cir.1994), nor whether Home failed to prove proximate cause, see Vroman v. Sears, Roebuck & Co., 387 F.2d 732, 735 (6th Cir.1967).
 
 
 10
 AFFIRMED.